1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 | ROCHELLE KATHLEEN DOWLING,                | Case No.  1:20-cv-00526-EPG

12 |                    Plaintiff,

13 |         v.                                 | **FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT**

14 | COMMISSIONER OF SOCIAL SECURITY,

15 |                    Defendant.               | (ECF Nos. 23, 24, 26)

16

17

18         This matter is before the Court on Plaintiff Rochelle Kathleen Dowling's ("Plaintiff")

19 complaint for judicial review of an unfavorable decision by the Commissioner of the Social

20 Security Administration regarding her application for Disability Insurance Benefits. The parties

21 have consented to entry of final judgment by the United States Magistrate Judge under the

22 provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit.

23 (ECF Nos. 10, 12, 13.)

24         The Court, having reviewed the record, administrative transcript, the parties' briefs, and

the applicable law, finds as follows:

25

26 **I.      Plaintiff's Subjective Symptom Allegations**

27         Plaintiff first argues that the Administrative Law Judge (the "ALJ") erred in evaluating

her subjective symptom allegations. (ECF No. 23 at 5-10.)

28

1

1    The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's

2    credibility as follows:

3       To determine whether a claimant's testimony regarding subjective pain or
        symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ
4       must determine whether the claimant has presented objective medical evidence of
        an underlying impairment which could reasonably be expected to produce the pain
5       or other symptoms alleged. The claimant, however, need not show that her
        impairment could reasonably be expected to cause the severity of the symptom she
6       has alleged; she need only show that it could reasonably have caused some degree
        of the symptom. Thus, the ALJ may not reject subjective symptom testimony ...
7       simply because there is no showing that the impairment can reasonably produce
        the degree of symptom alleged.
8
        Second, if the claimant meets this first test, and there is no evidence of
9       malingering, the ALJ can reject the claimant's testimony about the severity of her
        symptoms only by offering specific, clear and convincing reasons for doing so[.]
10

11   *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks

12   omitted). Given that there is objective medical evidence of an underlying impairment, the Court

13   examines whether the ALJ rejected Plaintiff's subjective symptom allegations by offering

14   specific, clear, and convincing reasons.

15   ALJ Timothy S. Snelling first summarized Plaintiff's subjective symptom allegations as

16   follows:

17      On August 19, 2016, the claimant filed an application for disability insurance
        benefits pursuant to Title II of the Social Security Act and alleged inability to
18      engage in competitive work activity beginning on July 13, 2015 due to back injury.
        She subsequently amended her claim to a closed period of disability ending on
19      May 26, 2017 (Exhibit 11B, p. 1). The claimant had a work history as a deputy
        public guardian and she stopped working on July 13, 2016 due [to] her condition
20      (Exhibit 2E, p. 2). She alleged that despite her conservative treatment, nothing was
        able to resolve or provide sufficient relief of pain until she underwent back surgery
21      and then fully recovered. Prior to this surgery and recovery, she was unable to
        work an eight-hour day due to pain. She was able to do some activity in short
22      spurts, but not sustained work activity (Exhibit 11B, p. 2). The claimant alleged
        she was in constant pain. Sitting, driving, walking, standing, and bending
23      aggravated her injury. She could only walk two blocks. She could lift and carry
        only one grocery bag. She could drive 10-15 miles at a time (Exhibit 3E). On May
24      27, 2017, she was recovered and returned to work.

25   (A.R. 22-23.) The ALJ found that Plaintiff's "medically determinable impairment could

26   reasonably be expected to cause the alleged symptoms" but her "statements concerning the

27   intensity, persistence and limiting effects of these symptoms are not consistent with the medical

28

                                                  2

1    evidence and other evidence in the record." (A.R. 23.)

2         The ALJ first discounted Plaintiff's allegations regarding her activities of daily living,

3    which Plaintiff described as "fairly limited." (A.R. 23.) The ALJ found that the "allegedly limited

4    daily activities could not be objectively verified with any reasonable degree of certainty" and "it

5    was difficult to attribute [the] degree of limitation to the claimant's medical condition, as opposed

6    to other reasons, in view of the relatively weak medical evidence and other factors[.]" (*Id.*)

7         The ALJ further found that Plaintiff's "allegations that she was unable to sustain the

8    physical demands of competitive employment were inconsistent with the medical record because

9    the objective clinical findings did not support the limitations alleged" and "[t]here were few

10   objective findings in support of [Plaintiff's] allegations." (A.R. 23.) The ALJ then proceeded to

11   summarize portions of the medical record. (A.R. 23-25.) The ALJ also found that Plaintiff's

12   "presentation and reports to her treating physicians and her course of medical treatment" were

13   "inconsistent with the claimant's allegations." (A.R. 26.) According to the ALJ, Plaintiff's "use of

14   medications did not suggest the presence of an impairment that was more limiting than found in

15   this decision." (A.R.) The ALJ stated:

16        The claimant did undergo back surgery, which certainly suggested that the
          symptoms were genuine. While the fact would normally weigh in the claimant's
17        favor, it was offset by the fact that the record reflected that the surgery was
          generally successful in relieving the symptoms.
18

19   (A.R. 25.)

20        Plaintiff argues that the ALJ failed to provide specific, clear and convincing reasons for

21   discounting Plaintiff's allegations of back pain. (ECF No. 23 at 5-10.) First, as to the ALJ's

22   finding that the objective medical evidence did not support Plaintiff's allegations of disabling

23   pain, the ALJ did not identify which specific medical findings undermined Plaintiff's allegations.

24   (*Id.* at 6.) Moreover, the objective medical evidence actually supported Plaintiff's allegations. (*Id.*

25   at 7.) Second, the ALJ's finding that Plaintiff's use of medications did not support her allegations

26   of back pain failed to consider Plaintiff's explanation for not taking medications at the time of the

27   May 2016 orthopedic surgery consultation. (*Id.* at 8-9.) Any inference that might arise from the

28   temporary discontinuation of pain medications was also contradicted by Plaintiff's pursuit of

3

1   aggressive treatment such as two epidural steroid injections and spine fusion surgery. (*Id.* at 9.)

2   Additionally, the evidence that Plaintiff improved following back surgery was entirely consistent

3   with Plaintiff's allegations. (*Id.* at 9.)[1]

4           In opposition, the Commissioner argues that the ALJ properly discounted Plaintiff's

5   subjective symptom allegations because the objective medical evidence did not support Plaintiff's

6   claims of disabling symptoms and functional limitations. (ECF No. 23 at 6-8.) Likewise,

7   Plaintiff's allegations were inconsistent with Plaintiff's course of treatment. (*Id.* at 8-9.) The ALJ

8   also properly found that Plaintiff's self-reported limited daily activities were inconsistent with the

9   weak objective evidence. (*Id.* at 9-10.)

10           The Court finds that the ALJ erred by failing to provide specific, clear, and convincing

11   reasons for finding that Plaintiff's allegations about the severity of her symptoms were not

12   credible. First, the ALJ's finding that Plaintiff's allegations were inconsistent with the medical

13   record was not supported by substantial evidence. The ALJ discounted Plaintiff's allegations due

14   to a lack of objective medical evidence to fully corroborate the alleged severity of pain. (A.R. 23.)

15   However, the ALJ also summarized several portions of the medical record that were consistent

16   with Plaintiff's allegations. (A.R. 23-25.) As the ALJ noted, Plaintiff reported persistent lower

17   back pain, which she described as an 8/10, that did not respond to conservative treatment methods

18   or epidural steroid injections. (A.R. 24.) Ultimately, Plaintiff required surgery. (A.R. 24.)

19   Although Defendant argues that treatment notes indicated Plaintiff was well-developed, well

20   nourished, and in no acute distress, when viewing the record as a whole these findings do not

21   counter indicate Plaintiff's allegations of pain. *See Lingenfelter v. Astrue,* 504 F.3d 1028, 1035

22   (9th Cir. 2007) ("[The Court] must consider the entire record as a whole, weighing both the

23

---

[1] Plaintiff also argues that the ALJ erred by relying on instructions from Plaintiff's medical providers that she could
24   resume normal activity and return to work as tolerated. (ECF No. 23 at 9-10.) The ALJ evaluated these instructions in
the context of weighing medical source statements. (A.R. 25.) The ALJ gave them little weight because they were
25   temporary in nature. (*Id.*) The ALJ does not appear to have relied on these instructions as a reason for discounting
Plaintiff's subjective symptom allegations. However, to the extent that the ALJ did rely on the post-injection
26   instructions, the Court finds that this is not a specific, clear and convincing reason for discounting Plaintiff's
allegations of pain. *See Bunnell v. Sullivan,* 947 F.2d 341, 345-46 (9th Cir. 1991) (reasoning that an ALJ's credibility
findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's
27   testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain" and "a
reviewing court should not be forced to speculate as to the ground's for an adjudicator's rejection of a claimant's
28   allegations of disabling pain") (quotation marks and citations omitted).

1    evidence that supports and the evidence that detracts from the Commissioner's conclusion, and

2    may not affirm simply by isolating a specific quantum of supporting evidence.").  The ALJ's

3    finding that the objective medical evidence did not corroborate Plaintiff's allegations lacks the

4    support of substantial evidence.

5          Likewise, the ALJ's finding that, "even if the claimant's daily activities were truly as

6    limited as alleged, it was difficult to attribute that degree of limitation to the claimant's medical

7    condition, as opposed to other reasons," was speculative and unsupported by substantial evidence.

8    (*See* A.R. 23.) The ALJ did not identify any evidence in the record indicating that Plaintiff's

9    allegations could be attributed to any reason other than her medical condition.

10         The ALJ also erred in finding that Plaintiff's "use of medications" did not support her

11   allegations of back pain. (*See* A.R. 25.) As the ALJ noted, on May 2, 2016, Plaintiff reported that

12   "she had tried many different medications that provided minimal relief and she was not currently

13   taking medications." (A.R. 24.) On June 6, 2016, she received epidural steroid injections, which

14   provided no relief. (*Id.*) Ultimately, Plaintiff underwent lumbar fusion surgery. (*Id.*) While

15   evidence that a claimant responded positively to medication can undermine her claim of disabling

16   pain, here the record establishes that Plaintiff's pain did not improve with medication. *See Warre*

17   *v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be

18   controlled effectively with medication are not disabling[.]").

19         Indeed, the ALJ acknowledged that the fact that Plaintiff underwent back surgery

20   "suggested that [her] symptoms were genuine" and "would normally weigh in the claimant's

21   favor[.]" (A.R. 25.) However, the ALJ proceeded to find that this was "offset by the fact that the

22   record reflected that the surgery was generally successful in relieving the symptoms." (*Id.*) The

23   ALJ's reasoning here supports, rather than refutes, Plaintiff's allegations. As the ALJ notes at the

24   beginning of his decision, Plaintiff amended her alleged onset date to a closed period because she

25   medically improved and became able to return to work. (A.R. 19.) Therefore, Plaintiff's

26   improvement following surgery is entirely consistent with her allegations. Thus, the ALJ's

27   finding that Plaintiff's use of medications was inconsistent with her allegations lacked the support

28   of substantial evidence and was not a specific, clear, and convincing reason for discounting

5

1    Plaintiff's credibility.

2         In light of the foregoing, the Court finds that the ALJ erred in his evaluation of Plaintiff's

3    subjective symptom allegations and the error was not harmless. As a result, the Court declines to

4    address Plaintiff's remaining argument that the ALJ failed to evaluate the impact of Plaintiff's

5    obesity on her ability to function. (*See* ECF No. 23.)

6    **II.    Remedy**

7         The Court has the discretion to remand or reverse and award benefits. *McAllister v.*

8    *Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true"

9    rule for an award of benefits where:

10        (1) the record has been fully developed and further administrative proceedings
          would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient
11        reasons for rejecting evidence, whether claimant testimony or medical opinion;
          and (3) if the improperly discredited evidence were credited as true, the ALJ
12        would be required to find the claimant disabled on remand.

13

14   *Garrison v. Colvin,* 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the

15   "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when

16   the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within

17   the meaning of the Social Security Act." *Id.* at 1021.

18        Here, the record has been fully developed and further administrative proceedings would

19   serve no useful purpose. In this regard, the record includes Plaintiff's medical records, the State

20   agency physicians' medical opinions, and Plaintiff's description of her pain and its resulting

21   effects. As discussed above, the ALJ has failed to provide legally sufficient reasons for rejecting

22   Plaintiff's allegations regarding the severity of her pain. If the improperly discredited evidence

23   were credited as true, the ALJ would be required to find Plaintiff disabled on remand.

24        Moreover, the record as a whole does not create serious doubt as to whether Plaintiff is, in

25   fact, disabled within the meaning of the Social Security Act. Plaintiff stopped working on July 13,

26   2015, due to her back injury. Plaintiff was prescribed pain medications, physical therapy, and

27   steroid injections, all of which were ineffective. Ultimately, on February 2, 2017, Plaintiff

28   underwent fusion surgery of her lumbar spine. Following surgery, she returned to work. Plaintiff

     accordingly amended her alleged onset date to a closed period ending on the date when she

                                                  6

returned to work. Plaintiff seeks disability insurance benefits solely for the closed period prior to her surgery when she was not working and does not seek benefits for the time after her surgery when her condition improved and she returned to work. In these circumstances, the Court declines to remand this case for further proceedings and will reverse the Commissioner's decision and award benefits.

**III.   Conclusion**

Accordingly, IT IS HEREBY ORDERED:

1. The decision of the Commissioner of the Social Security Administration is reversed;

2. The matter is remanded for the immediate award of benefits; and

3. The Clerk of Court shall enter judgment in favor of Plaintiff and shall close this case.

IT IS SO ORDERED.

Dated:   **August 9, 2021**                    /s/ _Erica P. Grosjean_
                                                   UNITED STATES MAGISTRATE JUDGE